MEMORANDUM **
O.Z. Martin, a former pretrial detainee at Santa Rita County Jail, appeals pro se from the district court’s summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that defendants were deliberately indifferent to his safety by housing him with a violent cell mate. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998), and we affirm.
The district court properly granted summary judgment to defendants Hagan and Sehueller because Martin failed to raise a genuine issue of material fact as to whether defendants were deliberately indifferent to his safety by implementing the Santa Rita County Jail classification and housing policy, or whether the policy created a substantial risk of harm to the inmates. See Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir.1991) (en banc) (explaining that jail supervisors may be held liable under § 1983 if they implement a policy that is so deficient that it amounts to deliberate indifference to an inmate’s constitutional right to personal safety).
The district court properly granted summary judgment to Ness and Vandicken because Martin failed to raise a genuine issue of material fact as to whether defendants knew or should have known Martin’s cell mate posed an excessive risk of danger to Martin’s personal safety, or that defendants knew or should have known that Martin was particularly vulnerable to his cell mate. See id. at 1443 (if officials knew or should have known of a particular vulnerability of a pre-trial detainee, they have an obligation not to act with reckless indifference to that vulnerability).
The district court did not abuse its discretion by denying Martin’s request for appointment of counsel because the case *648 did not present the requisite extraordinary circumstances. See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir.2004).
Martin’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.